IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM CRITTENDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv309-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This matter is before the court on a *pro se* motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255.  On October 29, 2008, pursuant to a written plea

agreement, William Crittenden ("Crittenden") pled guilty to three counts of distribution of

crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess

with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1).  A

sentencing hearing was held on March 24, 2009, after which the district court sentenced

Crittenden to a term of 100 months in prison.[1]  The court specified that the sentence was to

run consecutively to any state sentence being served by Crittenden.  No direct appeal was

taken.[2]

---

[1]At sentencing, the district court granted the government's motion for a two-level downward departure from the mandatory minimum, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

[2]The plea agreement contained an appeal/post-conviction waiver, with exceptions for claims (continued...)

On or around March 24, 2010, Crittenden filed this § 2255 motion[3] in which he claims

that his trial counsel rendered ineffective assistance "by failing to give accurate, factual

information" regarding his sentence. *Doc. No. 1 at 2*.[4]  Crittenden specifically alleges that

his counsel erroneously advised him that his federal sentence would run concurrently with

his state sentence, thereby rendering his guilty plea unknowing and involuntary. *Id*.  After

careful consideration of Crittenden's § 2255 motion, the supporting and opposing

submissions, and the record in this case, the court concludes that an evidentiary hearing is

unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in*

*the United States District Courts*, the motion should be denied.

## II.   DISCUSSION

### A.   *Standard of Review*

---

[2](...continued)
of ineffective assistance of counsel and prosecutorial misconduct.

[3]Although the § 2255 motion was date-stamped as "received" in this court on April 9, 2010, Crittenden signed the motion as having been filed on March 24, 2010. *Doc. No. 1 at 4.*  The government contends that Crittenden may have back-dated his signature on the motion so that it would appear to be timely filed for purposes of 28 U.S.C. § 2255's one-year limitation period. *Doc. No. 6 at 5-6.*  Applying the "mailbox rule," the court deems Crittenden's motion as filed on the date he delivered it to prison authorities for mailing, which, presumptively, is the day he represents that he signed it, March 24, 2010. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Because the court cannot say that this presumption has been rebutted by evidence to the contrary, the court considers March 24, 2010, to be the filing date of Crittenden's § 2255 motion.  As such, the motion is timely for purposes of the one-year limitation period.

[4]References to document numbers in this Recommendation are to those assigned by the Clerk to pleadings docketed in the instant action.  Page references in the pleadings for this action are to those assigned by CM/ECF.  References to exhibits ("Ex.") are to exhibits submitted by the government with its answer.

To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice component of *Strickland* focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. at 687. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive

the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one"); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong.").

### B.   Crittenden's Claim

Crittenden claims that his trial counsel, Amardo Wesley Pitters, failed to give him accurate information about the sentence he would receive if he pled guilty and, specifically, that Pitters advised him, incorrectly, that his federal sentence would run concurrently with the state sentence he is currently serving. *Doc. No. 1 at 1-3*. He maintains that Pitters's allegedly deficient performance in this regard rendered his guilty plea unknowing and involuntary. *Id*.

Addressing this claim in an affidavit he filed with this court, Pitters maintains that Crittenden's allegations regarding his legal representation are "meritless and frivolous," that Crittenden is "simply dissatisfied" with the sentence imposed by the district court, and that Crittenden is using his allegation of ineffective assistance of counsel in an attempt to obtain

a sentence more to his liking (i.e., one where his federal sentence runs concurrently with his state sentence).[5] *Doc. No. 5 at 1-2*.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  It therefore falls upon a petitioner alleging ineffective assistance in this context to establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process."  *Hill*, 474 U.S. at 59.  In other words, to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial."  *Id*.  *See also, e.g., Slicker v. Wainwright,* 809 F.2d 768 (11th Cir. 1987) (to be entitled to an evidentiary hearing on whether petitioner's lawyer incorrectly advised petitioner that the negotiated plea agreement provided that he would serve less time than the maximum penalty, petitioner was required to establish that he would not have pleaded nolo contendere and would have insisted on going to trial had his lawyer not misled him with faulty information).

Moreover, in evaluating claims of ineffective assistance of counsel in the context of guilty pleas, a mere allegation by a defendant that he would have insisted on going to trial

---

[5]At the sentencing hearing, Pitters argued vigorously for concurrent sentences. However, the district court imposed a consecutive sentence, finding that if Crittenden's federal sentence were to run concurrently with his state sentence (for an unrelated crime), "the effect of it would be sentencing him to nothing for these [federal] offenses." *Ex. D. (Doc. No. 6-4) at 36.*

but for counsel's errors, although required, is insufficient to establish prejudice; rather, the

court will look to the factual circumstances surrounding the plea to determine whether the

defendant would have proceeded to trial.  *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th

Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990); *see also Holmes v.*

*United States*, 876 F.2d 1545 (11th Cir. 1989) (*Hill* does not require a hearing merely because

a defendant asserts a claim of ineffectiveness of counsel when the record affirmatively

contradicts the allegations).

Here, Crittenden does not even forthrightly assert anywhere in his pleadings that but

for Pitters's allegedly erroneous advice concerning his sentence, he would have pled not

guilty and would have insisted on going to trial.  Instead, as Pitters suggests in his affidavit,

Crittenden appears to be employing his § 2255 claim as a vehicle for obtaining a sentence

more to his liking while not backing out of his guilty plea or forfeiting any of the benefits he

accepted by pleading guilty.[6]  Therefore, Crittenden fails to establish prejudice under *Hill*,

which forecloses the possibility of his obtaining relief on his claim of ineffective assistance

of counsel.  *Hill*, 474 U.S. at 59.

---

[6]Crittenden appears to suggest that he is entitled to "specific performance" of a plea agreement under which the government would recommend imposition of concurrent state and federal sentences.  *See Doc. No. 1 at 2*.  However, this is little more than an attempt to rewrite the plea agreement to his liking.  "The law is quite clear that a defendant's mere hope or subjective belief of better prison conditions if a guilty plea is entered is insufficient to show that the plea was made involuntarily.  This is so even if the prisoner's hope is based on incorrect advice of counsel. *Greathouse v. United States*, 548 F.2d 225, 228 n.6 (8th Cir. 1977), *cert. denied*, 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100 (1978) (guilty plea voluntary even though counsel wrongly told defendant the federal court could make his federal sentence concurrent with a state sentence)." *Clemmons v. United States*, 721 F.2d 235, 238 (8th Cir. 1983) (citation omitted).

Further, the record evidence does not support Crittenden's claim.  At the change of

plea hearing, this court engaged in an extensive colloquy with Crittenden that established,

among other things, his plea was knowing and voluntary.[7]  *See Ex. C (Doc. No. 6-3) at 4-19*.

Crittenden testified at the change of plea hearing that the plea agreement represented the

entire understanding he had with the government about how his case would be handled, that

he had discussed the plea agreement with his counsel and fully understood its terms, and that

his guilty plea had not been induced by any promises or assurances not set forth in the plea

agreement.  *Id. at 6-8*.   The plea agreement itself contains absolutely no reference to

Crittenden's federal sentence being served concurrently with his state sentence.  *See Ex. B*

*(Doc. No. 6-2)*.  "There is a strong presumption that the statements made during the [guilty

plea] colloquy are true."  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

"[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy

burden to show his statements were false."  *United States v. Rogers*, 848 F.2d 166, 168 (11th

Cir. 1988).  Moreover, a defendant's representations regarding the voluntary nature of his

plea "constitute a formidable barrier in any subsequent collateral proceedings.  Solemn

declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431

U.S. 63, 74 (1977).  Crittenden's sworn statements in open court preclude the relief he seeks,

---

[7]The record is full of statements made by this court to Crittenden with respect to the consequences of entering a plea of guilty.  *See Ex. B (Doc. No. 6-3)*.  This court also explained to Crittenden that he had a right to plead not guilty and to be tried by a jury.  *Id. at 13*.  To all the court's inquiries, Crittenden responded that he understood his rights and that he understood what he was giving up by way of his plea.

because they contradict any assertion that he was misled about his sentence or that he was promised any specific sentence, or that his plea and admissions at the time he was convicted were anything other than voluntary.

For the reasons set forth above, Crittenden is not entitled to any relief based on his claim of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Crittenden be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 28, 2012. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 14th day of May, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE